**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JUL 28 2016

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF ARKANSAS

**P. S. PRODUCTS, INC.,**
**BILLY PENNINGTON, Individually**

                                                          **PLAINTIFFS**

v.                              No. CV- 2016-*549-BRW*

**RSR ELECTRONICS, INC.**

                                                          **DEFENDANT**

This case assigned to District Judge *Wilson*
and to Magistrate Judge *Deere*

## COMPLAINT

### TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW the Plaintiff, P.S. Products, Inc., and Mr. Billy Pennington, individually, hereafter "Plaintiffs," by and through its attorney, Chris H. Stewart of the Stewart Law Firm, files this Complaint against the Defendant, RSR Electronics, Inc., hereafter "Defendant," herein states:

### JURISDICTION AND VENUE

1.      This Court retains jurisdiction as patent infringement raises a federal question and is proper under 28 U.S.C. § 1331.

2.      Pursuant to 28 U.S.C. § 1391, venue in this suit lies in the Eastern District of Arkansas because the actions which gave rise to the claims presented in this complaint occurred in Little Rock, Arkansas, within the Eastern District of Arkansas.

3.      Additionally, the Eastern District of Arkansas has personal jurisdiction of the Defendant. Defendant has maintained substantial, continuous and systematic contacts with the state of Arkansas through its business dealings with customers over the world wide web. Defendant marketed its services and provided customer services to the state of Arkansas. *See*

Ark. Code Ann. § 16-4-101 (1987); <u>Ultimatics, Inc. v. Minimatic, Inc.</u>, 715 F. Supp. 1448 (E.D.

Ark. 1989); and <u>Ferrell v. W. Bend Mut. Ins. Co.</u>, 393 F.3d 786 (8th Cir. 2005).

4.     Additionally, The Eastern District of California has personal jurisdiction of the

Defendant because, among other things, Defendant is engaged in tortuous conduct within the

state of Arkansas and in this District, including placing into commerce illegal copies of products

that embody the Plaintiffs' patent via and shipping those products to the state of Arkansas.

**PARTIES RELEVANT TO**
**PLAINTIFFS'COMPLAINT FOR PATENT INFRINGEMENT**

5.     This action is brought by P.S. Products, Inc., and its president, Mr. Billy

Pennington, manufacturers of stun guns and other personal security devices, organized within the

state of Arkansas with its principal headquarters at 3120 Joshua Street, Little Rock, AR 72204.

6.     The Defendant is a manufacture and importer of goods from China and sells the

goods as retail and wholesale nationwide.  The Defendant is a company organized and existing in

the state of New Jersey with business activities throughout the United States, on the World Wide

Web and specifically in the state of Arkansas.  The Defendant is located at 900 Hart Street,

Rahway, NJ 07065.

**FACTS APPLICABLE TO CLAIMS IN**
**PLAINTIFFS'COMPLAINT FOR PATENT INFRINGEMENT**

7.     The Plaintiffs specialize in the manufacture and distribution of stun guns, stun

devices, gun cleaning kits, and other personal protection devices.

8.     The Plaintiffs market and sale its patented products through trade specialty shows,

sales associates, retail stores, catalogs and through internet distribution throughout the United

States.

9.      The Defendant is a manufacturer and importer of goods from China and sells the

goods as retail and wholesale nationwide.

10.     On January 23, 2007, United States Letters Patent No. US D535,476 S, were

issued to the Plaintiffs for an invention for a gun cleaning case.



11.     On November 23, 2010, United States Letters Patent No. US 7,836,624 B1, were

issued to the Plaintiffs for an invention for a gun cleaning kit.



12.    On July 27, 2010, United States Letters Patent No. US D620,339 S, were issued to the Plaintiffs for an invention for a handle.



FIG.4

13.    The Plaintiffs owed the patents throughout the period of the Defendants infringing acts and still owns the patents.

14.    The Plaintiffs' products are one of a kind.

15.    The Plaintiffs' designs are its own intellectual property.  No goods of this design existed prior to the Plaintiffs' designs and patents.

16.    The Plaintiffs are the only holder of patents on products of this kind in the United States.

17.    On information and belief the Plaintiffs learned that the Defendant is selling an illegal product that embodies the Plaintiffs' patents under product name, *Universal 89 Piece Gun Cleaning Kit.*

  

18.    The Defendant has sold and continues to sell an illegal product that embodies the Plaintiffs' patents and contributes to third parties selling illegal copies of the Plaintiffs' patents on the following websites:

    a.  www.ebay.com

    b.  www.amazon.com

    c.  www.elexp.com

    d.  www.rsrelectronics.com

19.    Additionally, the Defendants operate an online marketplace on www.amazon.com entitled *Electronix Express* whereby, the infringing product may be purchased.

20.    35 U.S.C. § 271 states in part,

> "(a) Except as otherwise provided in this title [35 USCS §§ 1 et seq.], whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefore, infringes the patent. (b) Whoever actively induces infringement of a patent shall be liable as an infringer."

21.    The Defendant's actions have violated 35 U.S.C. § 271.

22.    The Defendant, intentionally, willfully, and wantonly violated 35 U.S.C. § 271.

23.    The Defendant without authority placed in the stream of commerce and offered to sell, illegal products that embody the Plaintiffs' patented inventions, within the United States.

24.    The Defendant without a licensed from the Plaintiffs placed in the stream of commerce and offered to sell, illegal products that embody the Plaintiffs' patented inventions, within the United States.

25.    This infringing products was purchased and delivered to a seller in the state of Arkansas.

26.    Most disturbing, the instructions inside the Defendant's infringing product have the Plaintiff's address on it and are an exact copies of the Plaintiff's instructions.

27.    The Defendant's actions are willful, deliberate and wanton patent infringement.

28.     The Defendant has induced individuals and companies to infringe on the Plaintiffs' patented products.

29.     The Plaintiff has suffered lost of reasonable royalties and loss of profits by the Defendant's actions.

**COUNT I**
**PATENT INFRINGEMENT**

30.     PSP incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

31.     The Plaintiffs are the owners of patent No. US D535,476 S.

32.     Defendant directly infringed upon the rights of the Plaintiffs' patent No. US D535,476 S.

33.     Defendant infringed upon the rights of PSP's patent by exposing for sale, offering to sell, selling, and importing the infringing product in the United States.

34.     Defendant will continue to infringe on the patent unless an injunction is granted by this Court.

35.     Defendant acts are willful, in disregard of, and with indifference to, the rights of PSP.

36.     As a direct and proximate cause of the infringement by Defendant, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, Defendant induced sellers Defendants are liable to PSP to the extent of their total profits, but not less than $250, pursuant to 35 U.S.C. § 289.

37.     WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT II
## PATENT INFRINGEMENT

38.     PSP incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

39.     The Plaintiffs are the owners of patent No. US 7,836,624 B1.

40.     Defendant directly infringed upon the rights of the Plaintiffs' patent No. US 7,836,624 B1.

41.     Defendant infringed upon the rights of PSP's patent by exposing for sale, offering to sell, selling, and importing the infringing product in the United States.

42.     Defendant will continue to infringe on the patent unless an injunction is granted by this Court.

43.     Defendant acts are willful, in disregard of, and with indifference to, the rights of PSP.

44.     As a direct and proximate cause of the infringement by Defendant, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, Defendant induced sellers Defendants are liable to PSP to the extent of their total profits, but not less than $250, pursuant to 35 U.S.C. § 289.

45.     WHEREFORE, Plaintiff prays for relief as set forth below.

## COUNT III
## PATENT INFRINGEMENT

46.     PSP incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

47.     The Plaintiffs are the owners of patent No. US D620,339 S.

48.     Defendant directly infringed upon the rights of the Plaintiffs' patent No. US D620,339 S.

49.     Defendant infringed upon the rights of PSP's patent by exposing for sale, offering to sell, selling, and importing the infringing product in the United States.

50.     Defendant will continue to infringe on the patent unless an injunction is granted by this Court.

51.     Defendant acts are willful, in disregard of, and with indifference to, the rights of PSP.

52.     As a direct and proximate cause of the infringement by Defendant, PSP is entitled to reasonable royalties and lost profits in amounts to be proven at trial, enhanced damages, and reasonable attorney's fees pursuant to 35 U.S.C. § 285. Additionally, Defendant induced sellers Defendants are liable to PSP to the extent of their total profits, but not less than $250, pursuant to 35 U.S.C. § 289.

53.     WHEREFORE, Plaintiff prays for relief as set forth below.

Therefore, the Plaintiffs demand:

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs prays for judgment against Defendant, and each of them jointly and severally, as follows:

A.      Judgment against the Defendant declaring that the Defendant's actions directly infringe on the Plaintiffs' patents Nos. US D535,476 S, US 7,836,624 B1, and US D620,339 S;

B.      Plaintiffs' reasonable royalties that may be proper under 35 U.S.C. § 284 in amounts to be proven at trial;

C.      Plaintiffs' lost profits with respect to each patent infringement in amounts to be proven at trial;

D.      The Defendants' profits from the illegal product.

E.      Enhanced damages that may be proper under 35 U.S.C. § 284 with respect to each patent infringement for the Defendant's willful infringement;

F.      A declaration that the Plaintiffs' case against the Defendant is an exceptional case pursuant to 35 U.S.C. § 285 and therefore subject to attorneys' fees;

G.      An award of costs and attorneys' fee to the Plaintiffs; and,

H.      Such other relief as the Court deems just and reasonable.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a trial by jury as to all claims averred herein that are triable by jury.

Dated: July 28, 2016

STEWART LAW FIRM

By: Chris H. Stewart
Ark. Bar No. 03-222
Attorney for Plaintiff
P.O. Box 25862
Little Rock, AR 72221
Phone: 501-353-1364
Fax:    501-353-1263
Email: arklaw@comcast.net